IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES HENDRICKS,

        Plaintiff,                  No. CIV S-09-2295 GGH

    vs.

MICHAEL J. ASTRUE,           ORDER
Commissioner of
Social Security,

        Defendant.
_____/

       Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons that follow, plaintiff's Motion for Summary Judgment and/or Remand is granted in part, and the Commissioner's Motion for Summary Judgment is denied. The Clerk is directed to enter judgment for plaintiff. This case is remanded for further findings pursuant to sentence four of 42 U.S.C. §405(g).

BACKGROUND

       Plaintiff, born April 22, 1947, applied for disability benefits on April 12, 2001. (Tr. at 70.) Plaintiff alleged he was unable to work since January 7, 2001, due to late effects of cerebrovascular disease and essential hypertension. (Tr. at 70, 26.) Plaintiff was granted benefits

on his application and received them from 2001 to February 21, 2006, when he was notified that he was no longer eligible due to substantial work starting in 2002. (Tr. at 29-32.) After the decision was affirmed on reconsideration, plaintiff received a hearing. In a decision dated December 23, 2008, ALJ Marilyn S. Mauer determined that plaintiff's earnings after completing a trial work period exceeded the amount required for substantial gainful activity and that he was no longer entitled to benefit payments as of July 2002.[1] The ALJ made the following findings:

>    1. Mr. Hendricks was found disabled as of January 7, 2001, and was thereby entitled to disability insurance benefits as of that date.
>
>    2. Mr. Hendricks completed a trial work period in March 2002.
>
>    3. Mr. Hendricks' earnings after completing his trial work period exceeded the amount demonstrating substantial

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:
>    Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>    Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>    Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>    Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>    Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
    The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

gainful activity.

4. Mr. Hendricks' earnings reasonably represent the value of the work he performed.

(Tr. at 15-18.)

ISSUES PRESENTED

Plaintiff has raised the following issues: A. Whether the ALJ Failed to Properly Apply the "Substantial Gainful Activity" Standard Prior to Summarily Concluding that the Claimant was Performing Unsubsidized "Substantial Gainful Activity;" and B. Whether the ALJ Improperly Rejected Lay Witness Testimony.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), *quoting* Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

ANALYSIS

Plaintiff contends that his work as a major owner in a corporation constitutes sheltered work and does not qualify as substantial gainful activity. "'Substantial gainful activity' is: ... work activity that 'involves doing significant physical or mental activities' on a full or part-time basis, and is the 'kind of work usually done for pay or profit, whether or not a profit is

3

realized.'" 20 C.F.R. §§ 416.972(a) & (b). <u>Byington v. Chater</u>, 76 F.3d 246, 248 (9th Cir. 1995) citing <u>Katz v. Sec. HHS</u>, 972 F.2d 290, 292 (9th Cir. 1990).

> The concept of substantial gainful activity involves the amount of compensation and the substantiality and gainfulness of the activity itself. 20 C.F.R. § 404.1532(b); <u>Chicager v. Califano</u>, 574 F.2d 161, 163 (3d Cir.1978). The mere existence of earnings over the statutory minimum is not dispositive. <u>Chicager</u>, 574 F.2d at 163. However, there is a presumption of substantial gainful employment if the applicant earns over the amount specified in the guidelines. 20 C.F.R. §§ 404.1574(b)(2), 404.1575(b)(2); <u>Josefowicz v. Heckler</u>, 811 F.2d 1352, 1356 (10th Cir.1987). The claimant may rebut a presumption based on earnings with evidence of his inability to be self-employed or to perform the job well, without special assistance, or for only brief periods of time. <u>Anderson v. Heckler</u>, 726 F.2d 455, 456 (8th Cir.1984).

<u>Keyes v. Sullivan</u>, 894 F.2d 1053, 1056 (9th Cir. 1990).

Code of Federal Regulations § 404.1573 provides in pertinent part:

> We consider how well you do your work when we determine whether or not you are doing substantial gainful activity. If you do your work satisfactorily, this may show that you are working at the substantial gainful activity level. If you are unable, because of your impairments, to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, this may show that you are not working at the substantial gainful activity level. If you are doing work that involves minimal duties that make little or no demands on you and that are of little or no use to your employer, or to the operation of a business if you are self-employed, this does not show that you are working at the substantial gainful activity level.

20 C.F.R. § 404.1573(b).

The Code also states that the above considerations will be weighed notwithstanding the fact that plaintiff may spend as much time at work as others who are not disabled. 20 C.F.R § 404.1573(e).

The Social Security Act describes sheltered work as work "done under special conditions," including simple tasks by a handicapped person under close and continuous supervision, or where the employer pays more for the work than the value of the work that is performed, in effect subsidizing the work. 20 C.F.R. § 404.1574(a)(2), § 416.974(a)(2) ("[w]e

4

consider your work to be subsidized if the true value of your work, when compared with the same or similar work done by unimpaired persons, is less than the actual amount of earnings paid to you for your work"). Evidence of sheltered work does not indicate an ability to engage in substantial gainful activity. Iamarino v. Heckler, 795 F.2d 59, 60 (8th Cir. 1986); Thompson v. Schweiker, 665 F.2d 936, 939 (9th Cir. 1982). However, the ALJ may consider sheltered work to determine plaintiff's skills and abilities in analyzing whether plaintiff can perform substantial gainful activity. 20 C.F.R. § 1573(c).

> When your earnings exceed the reasonable value of the work you perform, we consider only that part of your pay which you actually earn. If your earnings are being subsidized, we do not consider the amount of the subsidy when we determine if your earnings show that you have done substantial gainful activity. We consider your work to be subsidized if the true value of your work, when compared with the same or similar work done by unimpaired persons, is less than the actual amount of earnings paid to you for your work. ... We will first determine whether the person received a subsidy; that is, we will determine whether the person was being paid more than the reasonable value of the actual services performed. We will then subtract the value of the subsidy from the person's gross earnings to determine the earnings we will use to determine if he or she has done substantial gainful activity.

20 C.F.R. § 404.1574(a)(2). "Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity." Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001). Other information aside from earnings may be considered in evaluating SGA, such as where the plaintiff is "in a position to control when earnings are paid" or "the amount of wages paid," as in where someone works for a small corporation owned by a relative. 20 C.F.R. § 404.1574(b)(3)(ii). Moreover, there are other ways to establish substantial gainful activity. Substantial work activity involves doing significant physical or mental activity, even if it is done on a part time basis. 20 CFR § 404.1572(a); Keyes, 894 F.2d at 1056.

Here, plaintiff alleges that the ALJ failed to properly apply Regulation 404.1574 and Social Security Rulings 83-33 and 83-34 in finding that plaintiff could do substantial gainful activity. The ALJ found that plaintiff's work as Chairman of the Board of Directors of Siskiyou

5

Telephone Company constituted substantial gainful activity based on plaintiff's apparently limited recovery from a stroke in 2001, relying on a letter from the President of the company which described plaintiff as attending regular management team meetings wherein he contributes "valuable comments, insights and suggestions based on his years of experience. Whenever anyone at the company seeks his assistance in a particular matter, he gives it." (Tr. at 17, 110.)

The ALJ acknowledged a letter from plaintiff's wife, indicating he had lapses in concentration and difficulty reading, and also noted plaintiff's former assistant's testimony indicating that she used to read documents for him and assist him with correspondence but no longer does so. (Id. at 17.) The ALJ chose to rely on the President's letter, however, to determine that plaintiff's work constituted substantial gainful activity, and made no other reference to the personal assistant's testimony, which the undersigned finds quite enlightening.

It appears that plaintiff had worked for Siskiyou Telephone since 1970, and had been on the Board of Directors for over twenty years. At the time of his stroke in 2001, he was President of the company. (Id. at 110.) Plaintiff is a major owner of the company, and owns 100% of the common stock. (Pl.'s Mot. at 8.) He earns $220,988 per year. (Id. at 110.)

The bulk of lay testimony which the ALJ ignored came from Shanna Farmer, plaintiff's personal assistant. She is an account and property manager for plaintiff and had worked for him since 1993. (Tr. at 481.) Up until a year and a half prior to the October, 2008 hearing, Ms. Farmer accompanied plaintiff to work at the phone company, and worked right next to his office. She helped him go to breakfast, helped feed him, and helped him get up and out of chairs due to his instability and tendency to fall. She also made sure if he went to the bathroom that he came back out. (Id. at 482.) Ms. Farmer testified that plaintiff attended board meetings quarterly, an engineering meeting once a week, and a staff meeting every other week. She made sure to get him up, out the door and onto the elevator for these meetings. There would be other personnel at the other end of the elevator to make sure he arrived. (Id. at 483.) Although she did not attend the meetings with him, she read the minutes of those meetings and testified that most

1 of the time he made no comment at the meetings.  Once in a while he would state that a light
2 bulb had gone out in the hallway or something else of similar insignificance.  (Id. at 483, 485.)
3 She further testified that his average day at the office was an hour or two, and he mostly just sat.
4 (Id. at 483.)  He also watched the news on his office television, read newspapers and magazines,
5 and slept for an hour.  Then he would go home.  (Id. at 484.)  Periodically someone would come
6 in with a board issue, but "on a daily basis, nobody came in."  (Id.)  She said that since his stroke,
7 he has not touched his desk work or his computer.  (Id. at 485, 486.)

8          The ALJ discussed none of the above testimony.  An ALJ is required to "consider
9 observations by non-medical sources as to how an impairment affects a claimant's ability to
10 work."  Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).  "Lay testimony as to a
11 claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she
12 expressly determines to disregard such testimony and gives reasons germane to each witness for
13 doing so."  Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) (citing Nguyen v. Chater, 100 F.3d
14 1462, 1467 (9th Cir. 1996)).  Similar to the ALJ's role in evaluating the testimony of a claimant,
15 when evaluating the testimony of a lay witness "[t]he ALJ is responsible for determining
16 credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  Sousa v.
17 Callahan, 143 F.3d 1240, 1243 (9th Cir. 1998) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039
18 (9th Cir. 1995)).

19          The Ninth Circuit has held that the ALJ must properly discuss lay witness
20 testimony, and that any failure to do so is not harmless unless no reasonable ALJ, when fully
21 crediting the testimony, could have come to a different disability determination.  Stout v.
22 Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006).

23          Here, the ALJ erred in declining to discuss Ms. Farmer's testimony and such error
24 was not harmless as a reasonable ALJ could have come to a different disability determination
25 based on that testimony.  The issue of substantial gainful activity cannot be determined until the
26 ALJ has considered this testimony under the standards set forth above, and in contrast with the

7

other evidence.  Once the ALJ makes a determination as to the weight given this lay testimony, she shall then re-evaluate the issue of substantial gainful activity in light of the standards set forth above.

CONCLUSION

Accordingly, the court finds the ALJ's assessment is not fully supported by substantial evidence in the record.  Plaintiff's Motion for Summary Judgment and/or Remand is granted in part, the Commissioner's Cross Motion for Summary Judgment is denied, and the Clerk is directed to enter Judgment for the plaintiff.   This case is remanded for further findings pursuant to sentence four of 42 U.S.C. § 405(g).

DATED: 06/08/10

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

GGH/076
Hendricks2295.ss.wpd